UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YANDRI BETANCOURT BACALLAO,

Petitioner,

v. Case No.: 2:26-cv-03032-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Yandri Betancourt Bacallao's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Betancourt Bacallao is a native of Cuba who entered the United States on March 5, 2022. Customs and Border Patrol (CBP) apprehended him, commenced removal proceedings, and released him on an order or release on recognizance. Betancourt Bacallao has no criminal history. On February 24, 2026, CPB arrested Betancourt Bacallao because of his immigration status and placed him in the custody of Immigration and Customs Enforcement (ICE). An immigration judge ordered Betancourt Bacallao removed to Cuba on April 6, 2026. Betancourt Bacallao reserved the right to appeal but did not exercise that right. As a result, the removal order became administratively final on May 7, 2026.

Betancourt Bacallao claims his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Betancourt Bacallao has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba historically refuses repatriation of its emigres from the United States, there is no reason to believe Cuba will repatriate Betancourt Bacallao, and the government has made no attempt at lawful, third-country removal.

The burden thus shifts to the government. ICE states it intends to remove Betancourt Bacallao to Mexico and argues Betancourt Bacallao hindered removal efforts by refusing to sign the certificate of service on a notice of removal to Mexico. But the government provides no reason to believe Betancourt Bacallao's signature on a certificate of service is a prerequisite for removal. Nor does the government offer any evidence that Mexico has agreed to accept Betancourt Bacallao. It appears ICE intends to make an informal effort to compel voluntary departure, not an above-board removal attempt that complies with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have

the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, 821 F. Supp. 3d 102 (D. Mass. 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Betancourt Bacallao in the reasonably foreseeable future.

The Court finds no significant likelihood Betancourt Bacallao will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Betancourt Bacallao to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Yandri Betancourt Bacallao Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The government shall release Betancourt Bacallao within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.
2. Within 48 hours of this Order, the government shall certify it has released Betancourt Bacallao from detention.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record